MUNICIPALITY OF AGUADILLA, PETITIONER AND APPELLANT, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Aguadilla in Mandamus Proceedings.

No. 2628.—Decided May 22, 1922.

MANDAMUS—TAXES.—The writ of mandamus does not lie to enforce the payment of a tax.

The facts are stated in the opinion.

*Mr. J. Valldejuli* for the appellant.

*Mr. M. Acosta Velarde* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The Municipality of Aguadilla sought a mandamus against the American Railroad Company which was denied by the District Court of Aguadilla. The municipality imposed industry or license taxes against the railroad company and also an excise tax for the use of the streets of Aguadilla amounting in all to $3,684. The petition recites that in spite of all the efforts that it has made the railroad company refuses to pay the tax. The defendant answered saying that the municipality had an ample remedy under the municipal laws to recover taxes by execution or attachment. The theory of the court in denying the mandamus was that before the municipality could resort to the extraordinary writ of mandamus it must first exhaust its remedies by way of execution and attachment and to a certain extent this seemed to be the theory of the answer. Assuming that a failure to collect by ordinary execution and attachment would entitle the petitioner to a writ of mandamus, the court was plainly right.

The appellant has filed no assignment of errors but argues the errors *seriatim.* We shall therefore confine ourselves to general considerations. Appellant maintains that mandamus lies to enforce a duty even when another remedy lies. This is perhaps true in a general way when a duty is enforceable

by mandamus, but appellant cites no case that says taxes may be recovered by way of mandamus, or that any and every duty may be enforced by mandamus.

Section 2 of the mandamus law is as follows:

"Section 2.—The writ of mandamus may be issued by the Supreme Court or the district courts, or any justice or judge thereof, during the term or at chambers, to any inferior tribunal, corporation, board or person to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station, but though it may require an inferior tribunal, or any judge thereof, to exercise this judgment, or proceed to the discharge of any of its functions, it can not control judicial discretion."

The taxes may be due and the appellee may be under a duty to pay them, but to express ourselves in a reserved way, the appellant has not shown us that the duty of appellee to pay taxes results from any office, trust·or station, or is in any sense a duty *publici juris*. See *Fernández* v. *Wilcox*, 7 P. R. R. 420; Spelling on Extraordinary Remedies, section 1378, and *Belaval* v. *Todd*, 24 P. R. R. 765.

Likewise, although we do not care to express ourselves too strongly, we find nothing in the record to show that these taxes against the railroad company differ from taxes imposed on any ordinary citizen, and in the absence of anything to the contrary, we are of the opinion that the writ of mandamus may not be issued to enforce the collection of a tax. In the ultimate analysis a refusal to pay might either subject someone to imprisonment, suggesting an imprisonment for debt forbidden by section 2, paragraph 6 of the Organic Act, or the writ would be illusory.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.